STATE OF NORTH CAROLINA v. CARL CHILDERS

No. 8327SC649

(Filed 7 February 1984)

Narcotics § 4.1— narcotics offenses—insufficient evidence

The State's evidence was insufficient for the jury in a prosecution for possession of a controlled substance with intent to sell, possession of drug paraphernalia, and possession of marijuana where there was no evidence that pills, rolling papers, and vegetable matter analyzed by the State's expert witness were the same materials seized from defendant and his residence so that the record was devoid of evidence that the seized materials were controlled substances and that the rolling papers were possessed for the purpose of introducing controlled substances into the human body in violation of G.S. 90-113.22. G.S. 90-113.21(a).

APPEAL by defendant from *Ferrell, Judge.* Judgments entered 9 February 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 17 January 1984.

Defendant was charged in proper bills of indictment with possession with intent to sell a Schedule II controlled substance, a felony, possession of drug paraphernalia, a misdemeanor, and possession of less than one ounce of marijuana, a misdemeanor. He was found guilty of misdemeanor possession of a Schedule II controlled substance, misdemeanor possession of drug paraphernalia, and misdemeanor possession of marijuana. From judgments imposing two prison sentences and a fine, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney K. Michele Allison, for the State.*

*Steve Dolley, Jr., and Charles J. Katzenstein, Jr., for defendant, appellant.*

HEDRICK, Judge.

Defendant assigns error to the refusal of the trial court to "grant the defendant's motion to dismiss at the close of the State's evidence and at the close of all the evidence." Among other things, defendant contends the record is devoid of evidence that the material seized pursuant to execution of the search warrant was contraband in violation of the Controlled Substances Act. The record discloses that the police officers searched the defendant's person and a residence at 306 Pine Street, Gastonia, North Carolina, and seized a bag containing "17 pills," "some rolling papers," and "a plastic bag with some smaller particles of green vegetable material in it." The officers testified that the pills, papers, and vegetable material were sealed in plastic envelopes and placed in "locker No. 2 in the Vice Control Office." Ralph Johnson, a forensic chemist employed by the State Bureau of Investigation, testified as follows:

I can identify the State's Exhibit Number 14. It is an envelope that had evidence that was sent to the Gastonia City Police Department.

My initials are on it and dated August 2, 1982. It is in the same condition when I mailed it in August, 1982. State's Ex-

hibit Number 15 is an envelope which I received on July 23, 1982. I put a case number on it, initialed it and dated it. State's Exhibit Number 16 are some tablets I received on July 23, 1982, which were in State's Exhibit Number 15. I ran an ultra-violet spectrograph and two thin layer chromatography tests on the tablets. There were 17 tablets. I am of the opinion that the tablets contained hydramorphone. State's Exhibits Numbers 17 and 18 are exhibits that I received also and ran tests on them. I am of the opinion that Exhibits Numbers 17 and 18 are marijuana. I wrote down the last four digits of the case numbers and my initials on all the bags as well as the envelopes.

The record is totally devoid of any evidence that the material analyzed by Mr. Johnson was the same material seized from defendant and his residence. It follows, therefore, that the record is totally devoid of evidence that the materials seized from the defendant and his residence were controlled substances and that the rolling papers seized were possessed for the purpose of "introducing controlled substances into the human body," N.C. Gen. Stat. Sec. 90-113.21(a), in violation of N.C. Gen. Stat. Sec. 90-113.22.

The trial court erred in denying defendant's motions to dismiss. The judgments entered are vacated and defendant is ordered discharged.

Vacated.

Judges HILL and EAGLES concur.